FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:21-CR-00043-TOR-5 |
| Plaintiff, | ORDER FOLLOWING DETENTION REVIEW HEARING |
| v. | |
| JESSE TROY CHARLTON, | **MOTION GRANTED** (ECF No. 267) |
| Defendant. | **MOTION DENIED** (ECF No. 266) |

On February 10, 2022, the Court held a detention review hearing to consider Defendant JESSE TROY CHARLTON's Motion to Modify Order of Release, **ECF No. 266**. Defendant appeared out of custody with Attorney Curran Dempsey. Assistant U.S. Attorney Michael Ellis represented the United States. U.S. Probation Officer Patrick J. Dennis was also present.

After successful completion of inpatient treatment, Defendant now requests permission to be released to the community subject to a series of conditions so Defendant can then participate in an outpatient treatment program.

The Court considered Defendant's Motion to Modify Order of Release, **ECF No. 266**, the arguments and proffers of counsel, and the position of United States Probation. Defendant, through counsel contended that release conditions exist that

ORDER - 1

justify reconsidering detention and that such conditions will reasonably assure Defendant's appearance as required. Defendant also addressed the Court and related that his experience at inpatient treatment was positive and that he believed the experience was a benefit and provided him with the tools to address his substance abuse. The United States contended that the proposed release plan was not appropriate, specifically noting that the release address was inappropriate. United States Probation also did not support release to the proposed release address.

The Court has reviewed the Pretrial Services Report (ECF No. 47); Supplemental Pretrial Services Report (ECF No. 96); Second Supplemental Pretrial Services Report (ECF No. 221); Third Supplemental Pretrial Services Report (ECF No. 255); Fourth Supplemental Pretrial Services Report (ECF No. 269); and Defendant's Motion to Modify Conditions of Release (**ECF No. 266**). Again, the Court also considered the arguments and proffers of counsel and the position of United States Probation.

The Court compliments Mr. Dempsey's efforts on behalf of Defendant and notes that Defendant appears to have made substantial progress during inpatient treatment. That said, for the reasons stated during the hearing and in this Order, the Court finds that the proposed release plan is not sufficient as currently crafted to ensure Defendant's sobriety if released. The Court is concerned that absent a suitable release address, Defendant's apparent positive progress while at inpatient treatment would be far too easily and far too likely compromised all to Defendant's immediate detriment. Specifically, the Court must note that when Defendant was most recently not in custody and very recently battling substance abuse, there were no conditions or combination of conditions that existed that would reasonably assure Defendant's appearance at future court proceedings and that would assure

ORDER - 2

the safety of community. Absent a suitable release plan that will provide the Court with confidence that Defendant will maintain his apparent current sobriety, the Court believes that currently no conditions or combination of conditions exist that would reasonably assure Defendant's appearance at future court proceedings and that reasonably assure the safety of community.

Accordingly, the Court has taken into account the nature and circumstances of the offense charged, the weight of the evidence against Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release. The Court finds the United States has established by a preponderance of evidence that no conditions or combination of conditions presently exist that will reasonably assure Defendant's presence at trial and the United States has established by clear and convincing evidence that no conditions or combination of conditions presently exist that will reasonably assure the safety of other persons or the community.

**IT IS ORDERED:**

1.     The Defendant's Motion to Expedite, **ECF No. 267**, is **GRANTED.** The Defendant's Motion to Modify Conditions, **ECF No. 266**, is **DENIED** with leave to renew.

2.     Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

ORDER - 3

3.     Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4.     If a party desires this Court to reconsider conditions of release because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), that party shall file a two-page motion for reconsideration succinctly stating what circumstances are new, how they are established, and the requested change in conditions of release.  The motion shall indicate whether opposing counsel or Pretrial Services object, whether a hearing is desired, and whether a supplemental pretrial report is requested.  This Court will treat the motion as expedited and submitted without argument and will set a hearing or issue other orders as may be appropriate.

5.     If a party desires that another Court review this order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington.  Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED February 15, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 4